UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INDEPENDENCE BANK,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*,<br><br>        Defendants. | Case No. 23-cv-00447-JJM-PAS |

**ANSWER OF FEDERAL DEPOSIT INSURANCE CORPORATION**

Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC"), respectfully submits this Answer to the Amended Complaint [ECF 12] filed by Independence Bank ("IB," the "Bank," or "Plaintiff"):

The opening of the Amended Complaint contains four pages of un-numbered narrative argument purporting to provide background to the present dispute, to which no response is required, but to the extent a response is required, denied.

1. Admitted.

2. Admitted.

3. Admitted, except the FDIC states that it serves as the primary federal regulator for state-chartered banks that are not members of the Federal Reserve system and serves as the Bank's primary federal regulator, which supervision is coordinated out of the Boston Area Office, located in Braintree, Massachusetts.

4. Upon information and belief, admitted.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, the paragraph is denied, in that, among other things, 12 U.S.C. §

1818(i)(1) precludes issuance of any relief affecting the FDIC's ongoing civil enforcement proceeding against the Bank, and there is no private right of action to support issuance of declaratory relief outside the APA.

6. Admitted.

7. Admitted.

8. Denied, except the FDIC admits that Plaintiff Independence Bank is a state chartered, FDIC-insured depository institution, which previously had its primary or exclusive focus in the origination of SBA loans.

9. Admitted.

10. Paragraph 10 contains conclusions of law to which no response is required, but to the extent a response is required, denied.

11. Paragraph 11 purports to quote and paraphrase an Office of Comptroller of the Currency ("OCC") Licensing Manual, to which the FDIC refers the Court for its terms, but to the extent a response is required, denied.

12. Denied.

13. Paragraph 13 purports to quote and paraphrase OCC Licensing Manual, to which the FDIC refers the Court for its terms, but to the extent a response is required, denied.

14. The FDIC denies the allegations contained in the first two sentences of Paragraph 14. The third sentence of Paragraph 14 purports to characterize the contents of certain FDIC correspondence with the Bank, to which the FDIC refers the Court for their contents, but to the extent a response is required, denied as pleaded.

15. Paragraph 15 purports to characterize the FDIC's legal positions, and contains legal conclusions to which no response is required, but to the extent a response is required,

denied as pleaded, except the FDIC admits that its consent is required before the Bank may cede its insured status.

16. Paragraph 16 contains legal argument, and contains legal conclusions to which no response is required, but to the extent a response is required, denied.

17. Admitted, except the FDIC states that the docket number for the Correct Consent Order is FDIC-19-0091b, not "FDIC-19-00916."

18. Paragraph 18 purports to characterize the contents of the 2019 Consent Order, which the FDIC refers the Court for its contents, but to the extent a response is required, denied, except the FDIC admits that the Bank has not received clearance from the FDIC to proceed with its revised Strategic Plan.

19. Paragraph 19 purports to characterize the contents of the 2019 Consent Order, to which the FDIC refers the Court for its contents, but to the extent a response is required, denied.

20. Paragraph 20 contains legal conclusions regarding the contents of the 2019 Consent Order to which no response is required, but if a response is required, the FDIC denies the allegations, except admits upon information and belief, that the Bank has not issued SBA loans since 2019.

21. Admitted.

22. Denied.

23. The FDIC denies the allegations contained in Paragraph 23 as pleaded, except admits that the FDIC has declined to consent to the Bank's voluntary liquidation until the Bank addresses regulatory responsibilities.

24. Paragraph 24 purports to characterize the contents of various Strategic Plan revisions, to which the FDIC refers the Court for its contents, but to the extent a response is required, denied, as pleaded.

25. Paragraph 25 purports to characterize the contents of the FDIC's responses to the Bank's Strategic Plan revisions, to which the FDIC refers the Court for their terms, but to the extent a response is required, denied except admits that the FDIC has objected to Strategic Plan revisions submitted by the Bank.

26. Paragraph 26 purports to characterize the contents of the FDIC's responses to the Bank's Strategic Plan revisions, to which the FDIC refers the Court for their terms, but to the extent a response is required, denied except admits that the FDIC has objected to Strategic Plan revisions submitted by the Bank.

27. Paragraph 27 purports to characterize the contents of the FDIC's responses to the Bank's Strategic Plan revisions, to which the FDIC refers the Court for their terms, but to the extent a response is required, denied except admits that the FDIC has objected to Strategic Plan revisions submitted by the Bank.

28. The FDIC admits the allegations contained in the first sentence of Paragraph 28. The remainder of Paragraph 28 purports to quote and paraphrase the contents of a February 9, 2023 letter sent by the Bank, to which the FDIC refers the Court for its terms, but to the extent a response is required, denied as pleaded.

29. Denied, except the FDIC admits that it sent a letter response to the Bank on February 22, 2023.

30. Denied.

31. Denied.

32. Denied.

33. Denied, as pleaded.

34. Paragraph 34 purports to characterize the conduct of RIDBR, to which no response is required, but to the extent a response is required, denied.

35. Paragraph 35 purports to quote and characterize the contents of the December 6, 2023 FDIC Board final determination, to which the FDIC refers the Court for its contents, but to the extent a response is required, denied.

36. Paragraph 36 purports to quote and characterize the contents of the December 6, 2023 FDIC Board final determination, to which the FDIC refers the Court for its contents, but to the extent a response is required, denied.

37. Denied.

38. Paragraph 38 contains conclusions of law, to which no response is required.

39. Denied.

40. Denied.

41. Denied.

42. The first sentence of Paragraph 42 purports to quote and characterize the contents of the December 6, 2023 FDIC Board final determination, which the FDIC refers the Court for its contents, but to the extent a response is required, denied. The FDIC denies the allegations contained in the second sentence of Paragraph 42.

43. Denied.

44. Denied.

45. The FDIC repeats and re-alleges it responses to Paragraphs 1-44 as if fully set forth herein.

46. Paragraph 46 contains legal conclusions to which no response is required, but if a response is required, denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Paragraph 53 contains legal conclusions to which no response is required, but to the extent a response is required, denied as pleaded.

54. Denied.

55. The first sentence of Paragraph 55 contains legal conclusions to which no response is required. The FDIC denies the allegations contained in the second sentence of Paragraph 55.

56. Denied.

57. Denied.

58. Denied.

59. The FDIC repeats and re-alleges it responses to Paragraphs 1-58 as if fully set forth herein.

60. Denied.

61. Paragraph 61 contains legal conclusions to which no response is required, but to the extent a response is required, denied.

62. Paragraph 62 contains legal conclusions to which no response is required, but to the extent a response is required, denied.

63. Paragraph 63 contains legal conclusions to which no response is required, but to the extent a response is required, denied.

64. Denied.

65. Denied.

66. Paragraph 66 contains allegations related to RIDBR to which no response is required, but to the extent a response is required, denied as pleaded.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. The FDIC repeats and re-alleges it responses to Paragraphs 1-74 as if fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Following Paragraph 78, the FDIC states that that Paragraphs (a) through (m) of the Prayer for Relief purport to assert a prayer for relief as to which no response is required. To the extent a response is required, the FDIC denies that Plaintiff is entitled to any relief.

## DEFENSES

The FDIC hereby asserts the following defenses, without regard to the burden of proof:

1. This Court lacks subject matter jurisdiction to issue the relief requested in the Amended Complaint under 12 U.S.C. § 1818(i)(1).

2. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

3. The FDIC did not act arbitrarily or capriciously, and acted in accordance with law. The FDIC considered all relevant factors in relation to its administrative finding. There is a rational connection between the statutory and regulatory factors and the FDIC Board's final determination.

4. The Amended Complaint fails to identify a protected constitutional interest or cognizable alleged deprivation.

5. The FDIC Board's final determination is committed to agency discretion and therefore is unreviewable under the APA.

6. The FDIC reserves the right to raise any affirmative defenses or defenses not asserted herein which it may become aware of through investigation.

Dated: February 13, 2024

            Federal Deposit Insurance Corporation
            Andrew Dober
            Senior Counsel

By: /s/ Erik Bond
   ERIK BOND, NYS Bar No 4316030
   Counsel, Corporate Litigation Unit
   erbond@fdic.gov

   Attorney for defendant FDIC
   3501 N. Fairfax Drive, D-7026
   Arlington, VA 22226
   Telephone: (703) 562-6461
   Fax: (703) 562-2477

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on February 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system.

                                   /s/ Erik Bond
                                   ERIK BOND, NYS Bar No. 4316030
                                   Counsel, FDIC Corporate Litigation Unit