UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

INDEPENDENCE BANK,

        Plaintiff,

   v.

FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*,

        Defendants.

Case No. 23-cv-00447-JJM-PAS

## STIPULATED PROTECTIVE ORDER

WHEREAS, this Stipulated Protective Order ("Protective Order") is stipulated and agreed to on this 28th day of February, 2024 by and between the undersigned counsel for Plaintiff Independence Bank ("IB," "the Bank, or "Plaintiff") and defendant the Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC"), in the above-captioned action; and

WHEREAS, the Bank and the FDIC agree that certain documents constituting the Administrative Record in this case may contain materials subject to protection from disclosure under, *inter alia*, the bank-examination privilege, deliberative process privilege, and other applicable privileges, and otherwise contain personally identifiable information ("PII") and otherwise sensitive financial information;

NOW THEREFORE, the undersigned parties agree and the Court hereby orders the following:

1. For purposes of this Protective Order, "Confidential Records" includes certain documents from the FDIC's Administrative Record, which the parties have agreed the FDIC will produce to Plaintiff by April 1, 2024, subject to entry of a suitable protective order concerning confidentiality. "Confidential Records" shall be marked "Confidential – Subject to Protective Order." Further, Confidential Records shall include any documents identified in any

amendments or modifications to the Administrative Record, and any such amendment or modification shall be effective, without need for approval by the Court, upon agreement by the parties.

2. Confidential Records shall be held strictly confidential and may be examined and used only in connection with this litigation and any disputes related thereto.

3. All documents containing or disclosing Confidential Records will be electronically filed under seal in accordance with the procedures contained in LR Gen 102.

4. Except as otherwise ordered, the documents designated as Confidential Records shall be maintained in strict confidence by counsel. Confidential Records shall not be used by counsel or any other person for any purpose other than the litigation of this action. Subject to the provisions of Paragraph 5 herein, Confidential Records will not be furnished, shown or disclosed to any person except:

   a. designated legal counsel for a party, including in-house and local counsel, and paralegal, secretarial and clerical employees of such designated counsel;

   b. outside experts or consultants retained for the purpose of assisting counsel in this litigation;

   c. the parties to this litigation and their designated employees and/or representative(s) participating in or advising on this litigation; and

   d. any person designated by the Court in the interest of justice, upon such terms as the Court may seem proper.

Nothing herein shall be deemed to restrict any party or their counsel with respect to: (a) their own documents and information, and (b) documents or information obtained from a source or person other than opposing counsel or opposing parties. Counsel are responsible for ensuring that their legal, paralegal, clerical staff, and their experts and/or consultants comply with this Protective Order.

5. The inadvertent or unintended disclosure of the Confidential Records shall not be deemed a waiver in whole or in part of the claim of confidentiality for any Confidential Records.

6. Pursuant to Fed. R. Evid. 502(d), to the maximum extent permitted by law, disclosure of any Confidential Records in connection with this case does not waive any privilege or protection associated with such Confidential Records, such as attorney-client privilege, deliberative process privilege, bank examination privilege or work product immunity.  Pursuant to Fed. R. Evid. 502(d), any such disclosure in connection with this case does not waive any privilege or protection associated with such Confidential Records in any other federal or state proceeding.  The Bank and the FDIC are not required to meet the conditions in Federal Rule of Evidence 502(b)(1)-(3).  This protection against waiver does not affect and is not affected by designation of any communication or information as Confidential Records.  Likewise, any party's stipulation to this Order does not waive a party's right to challenge assertion of any privilege by another party.

7. This Protective Order in no way affects or relieves any party of its responsibility to comply with any federal, state, or local law or regulation.  Nothing in this Protective Order alters the rights and/or liabilities of the parties with respect to the litigation.  The FDIC is excepted from the Right to Financial Privacy Act and the Privacy Act of 1974 requirements by reason of this Protective Order, 12 U.S.C. § 3413(d), 5 U.S.C. § 552a(b)(11), and 12 C.F.R. § 310.10(b)(11) (2012).

8. The confidential, sensitive and/or personal information of any person or entity contained on any page of the Confidential Records, to the extent such information is not otherwise relevant and material to the issues in dispute, shall be blocked out prior to the admission of such page into evidence.  If there is disagreement between the parties to the litigation regarding what page or portion of any page of the Confidential Records should be

blocked out in the manner described in this paragraph, the Court shall make this determination after an *in-camera* review of the Confidential Records in question.

9. This Protective Order shall survive the termination of the case and is binding on all parties until further order of the Court.

10. The Court may sanction counsel, their staff, or any person who obtained access to the Confidential Records pursuant to this Protective Order, as appropriate, for violation of this Protective Order.

11. Counsel may apply to the Court for modification of this Protective Order after reviewing the documents designated as Confidential Records.  If counsel determines that they intend to apply to the Court for modification of the Protective Order, they shall nevertheless continue to abide by the terms of this Protective Order until the Court makes a final ruling on the matter.

IT IS SO ORDERED, this _____ day of _____, 2024.


By: _____
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DATED: February 28, 2024 | AGREED TO: |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | INDEPENDENCE BANK, |
| By Their Attorney, | By Their Attorney, |
| */s/ Erik Bond* | */s/ Travis J. McDermott* |
| Erik Bond, NY Bar Reg. No. 4316030<br>Federal Deposit Insurance Corporation<br>3501 N. Fairfax Drive<br>Room VS-D-7026<br>Arlington, VA 22226<br>Tel: (703) 562-6461<br>Fax: (703) 562-2475<br>erbond@fdic.gov | Travis J. McDermott (#8738)<br>PARTRIDGE SNOW & HAHN LLP<br>40 Westminster Street, Suite 1100<br>Providence, RI  02903<br>Tel: (401) 861-8200<br>Fax: (401) 861-8210<br>tmcdermott@psh.com |