**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| INDEPENDENCE BANK, <br>     *Plaintiff,* <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, and <br> RHODE ISLAND DEPARTMENT OF BUSINESS REGULATION, <br>     *Defendants.* | : <br> : <br> : <br> : <br> : <br> :    C.A. No. 1:23-cv-00447-JJM-PAS <br> : <br> : <br> : <br> : <br> : |

### DEFENDANT RHODE ISLAND DEPARTMENT OF BUSINESS REGULATION'S REPLY TO INDEPENDENCE BANK'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Now comes Defendant, Rhode Island Department of Business Regulation ("RIDBR") and hereby replies to the Opposition of Independence Bank ("Bank") to RIDBR's Motion To Dismiss. First, Bank cites no contrary authority in its Opposition to the "dual agency" federal court precedent established in *BBX Capital v. Federal Deposit Insurance Corp.*, 956 F.3d 1304, 1312-1313 (11th Cir. 2020), upon which RIDBR's Motion to Dismiss is principally premised. Bank also proffers no reasoning as why this Court should not follow that federal court precedent. Further, in its attempt to distinguish *BBX Capital*, Bank ignores the controlling express terms and provisions of the 2019 Consent Order which specifically require both the approval of the FDIC and the RIDBR for Bank to move forward with its plan of liquidation or closure.

Second, Bank in its Opposition offers a possible Eleventh Amendment sovereign immunity defense on behalf of RIDBR as part of its analysis of Rhode Island's Administrative Procedure Act ("APA") and then argues why its own suggested Eleventh Amendment immunity defense on behalf of RIDBR should be ignored. The argument is of no consequence. Finally,

against the legal backdrop of having no federal subject matter jurisdiction over RIDBR in this proceeding, Bank in its Opposition argues that RIDBR should be "handcuffed" to this proceeding via an abbreviated and erroneous analysis of "joinder" to circumvent the constitutional limitations of this Court's subject matter jurisdiction. As such, and for the reasons detailed below and in RIDBR's Memorandum in Support of Motion to Dismiss ("Dismissal Memorandum"), the Opposition is devoid of merit and this Court should grant RIDBR's Motion to Dismiss.

   A. **Bank lacks standing to pursue its claims against RIDBR**.

As the Court is aware, to establish standing Bank must satisfy its burden of demonstrating both "traceability" and "redressability". *See, e.g., Rhode Island Assoc. of Coastal Taxpayers v. Neronha*, No. 23-278 WES, 2023 WL 6121974 (D.R.I. Sept. 19, 2023) (Court recently held that plaintiff has the burden of demonstrating both of the two components of standing referred to as "traceability" and "redressability", and dismissed the complaint for declaratory relief for lack of standing when plaintiff failed to satisfy both standing components)[1].

   i. **As dictated by the "dual agency" decision in *BBX Capital*, Bank's alleged injury in the Amended Complaint is not fairly traceable to any alleged wrongful conduct of RIDBR.**

Here, it is undisputed that the Amended Complaint squarely and repeatedly alleges that the FDIC has wrongfully constructed obstacle after obstacle to Bank's strategic plan to wind down its operations. *See* Amended Complaint at 24-44. Further, Bank states that it "stands ready and willing to proceed with the liquidation plan already submitted to its state regulator, the

---

[1] As set forth in the Opposition, Bank concedes that it needs to establish the factual components of standing via its Amended Complaint (and not through unsupported conclusory assertions of counsel in an argument section of an Opposition). *See* p.2, Opposition. As such, RIAG will address the factual contents of the Amended Complaint herein.

RIDBR", that the "only obstacle to proceeding with this process is the FDIC's insistence" that Bank resolve its outstanding regulatory matters with FDIC, and that "Bank cannot even begin this process until, at some unknown future time, the FDIC deigns to allow it". *See id.* at 16 (emphasis added). Conversely, Bank in its Opposition, argues that RIDBR's inaction on Bank's proposed liquidation plan is harming Bank.

In advancing its "harm tracing" argument in its Opposition, Bank completely ignores the 2019 Consent Order[2] along with the legal consequences of that Order against the backdrop of the Eleventh Circuit's *BBX Capital* decision. *See BBX Capital*, 956 F.3d at 1312-1313 (Court affirmed the dismissal of a legal action against Federal Reserve Board ("FRB") for lack of standing in a "dual agency consent" requirement case where the plaintiff's injury was caused by actions of one federal agency - the FDIC and where the other federal agency - FRB - had no authority to control the other independent agency). In its Opposition, Bank cites no contrary authority and proffers no argument as to why this Court should not follow *BBX Capital's* holding that the affirmative actions of one agency vitiate "standing" of the complainant to maintain claims against the other agency.

Bank concedes in its Opposition that plaintiff in *BBX Capital* asserted, inter alia, that FDIC and FRB violated the plaintiff's United States Constitution due process rights, and acted arbitrarily and capriciously in limiting proposed severance payments sought to former bank executives. *See* p.5, Opposition. Bank further concedes that (a) the proposed severance payments needed to be approved by two federal agencies, namely the FDIC and FRB; (b) the Court reasoned that because FDIC had vetoed the proposed severance payment, it was the

---

[2] The 2019 Consent Order is the same Order which Bank referenced repeatedly in both its Complaint and Amended Complaint, but chose not to provide this Court a copy of for its review in connection with either filing. The absence of the 2019 Consent Order from Bank's Complaint and Amended Complaint is telling.

3

FDIC's veto that caused BBX Capital's injury and not FRB's non-decision; and (c) the Court ruled that BBX's injury is not "fairly traceable" to a FRB action or inaction. *See* p.5-6, Opposition.

In then attempting to distinguish *BBX Capital*, Bank argues that the case herein is unlike *BBX Capital* where two agencies **each** had to independently approve the Plaintiff's request as the liquidation plan submitted does not require anything from the FDIC. *See* p.5, Opposition (emphasis in original). In making its argument, Bank ignores the proverbial "elephant in the living room", i.e., the "dual agency consent requirement" set forth in the 2019 Consent Order. Similar to the dual agency consent requirement in *BBX Capital*, pursuant to the 2019 Consent Order Bank's plan must be submitted to both the FDIC and RIDBR for non-objection or comments, and Bank's proposed liquidation plan cannot move forward without effectively receiving the non-objection or "blessing" of both the FDIC and RIDBR. *See* ¶3(b), 2019 Consent Order, Ex. A, Dismissal Memorandum. Bank's omission of a discussion of the terms of the 2019 Consent Order from its entire *BBX Capital* analysis is glaring. *See* pp.5-7, Opposition.

Here, Bank cannot satisfy the standing requirement of "traceability" because the injury allegedly suffered by Bank is not "fairly traceable" to any conduct of RIDBR, but rather is rooted in the actions of a wholly independent federal agency, i.e. the FDIC. The FDIC has effectively "vetoed" Bank's proposed liquidation plan. As such, similar to FRB in *BBX Capital*, RIDBR's inaction on Bank's proposed plan is not the cause of Bank's alleged harm and Bank's injury is not "fairly traceable " to RIBDR. Identical to the plaintiff in *BBX Capital*, Bank does not have standing to sue RIDBR.

    ii. **The requested relief against RIDBR would not redress Bank's alleged injury caused by the FDIC.**

In its Opposition, Bank does not address via the factual averments in its Amended Complaint the "redressability" requirement of standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement."); *BBX Capital*, 956 F.3d at 1312 (simply describing the regulatory responsibilities of an agency is insufficient to accord standing). Bank's alleged injury is that of incurring unnecessary costs in its required continued operation as mandated by the FDIC because of the FDIC's "apparent and ongoing vendetta" against Bank. The claims asserted against RIDBR with respect to the acceptability of Bank's strategic plan under the 2019 Consent Order does not remedy the injury of Bank, and describing RIDBR's separate regulatory responsibilities under RI Gen. Laws §19-10-1 and arguing that the statute only speaks to RIDBR's approval flat out ignores the "dual agency consent" closure track which Bank expressly and unequivocally agreed to under the 2019 Consent Order. Bank's pitch that the FDIC does not control RIDBR – an independent agency – further solidifies the applicability of *BBX Capital* to the two independent federal and state agencies in this bank closure case. *See* p.7, Opposition. No standing exists, and Bank cannot "bootstrap" RIDBR into federal court and force the state to expend state resources to defend RIDBR in the within action. Bank's Opposition does not remedy the fatal flaw of establishing the second standing requirement of "redressability".

      iii.    **Bank's joinder analysis does not address the subject matter jurisdiction limitations of this Court, and Bank assumes the jurisdictional limitations issue away by simply saying RIDBR is party to the action so joinder is not at issue.**

Bank's joinder analysis is deficient on its face and fails to satisfy its burden to establish this Court's subject matter jurisdiction over RIDBR. In its Opposition, Bank effectively concludes that RIDBR is a "necessary" party to the adjudication of Bank's real claim herein

against the FDIC under the federal Administrative Procedures Act ("FAPA" ) when (i) Bank knows that RIDBR played no role in the FDIC's decision making process, and (ii) Bank and the FDIC have already agreed to a Joint Motion and Scheduling Order setting forth the parameters of an expedited process to address the FDIC's administrative records and a dispositive motion timetable to adjudicate the lawfulness of FDIC's decision against the Bank under the FAPA along with Bank's claims relating thereto. *See* 2/28/24 Joint Motion for Entry of a Stipulated Scheduling Order/Docket No. 17 and accompanying 3/1/24 Docket Text Order.  After Bank arrives at its faulty conclusion, Bank then launches into an abbreviated and erroneous analysis of "joinder" under Rule 19 of the Federal Rules of Civil Procedure. In its joinder analysis, Bank simply states that "RIDBR is already a party in the action so the initial joinder of RIDBR is not at issue." *See* p.11, Opposition.

In doing so, Bank assumes away the most critical dispositive issue to its position. RIDBR is not a proper party to the within action because no subject matter jurisdiction exists over RIDBR.  Bank knows that federal courts are courts of limited jurisdiction.  It is inconceivable that Bank truly believes that a litigant can wrongfully haul a defendant into a federal court without subject matter jurisdiction over it, and then shred the limitations of subject matter jurisdiction by simply saying the defendant is here for purposes of Rule 19[3].  In fact, Rule 19 expressly acknowledges its subject matter limitation as Rule 19 states that joinder cannot "deprive the court of subject-matter jurisdiction".  *See* Fed. R. Civ. P. 19(a)(1).  That is exactly what Bank is doing by attempting to include RIDBR as a defendant in the within action in which no subject matter exists over it. None of the authorities cited by Bank in its Opposition stand for

---

[3] To note, Bank admits that Rule 19 is "to protect the interests of parties who are not yet involved in ongoing litigation". *See* p.10, Opposition (citation omitted).  RIDBR has no interest which needs protection in the within proceeding, and thus the fundamental purpose of Rule 19 is wholly inapplicable to RIBDR.  Bank's Rule 19 analysis is erroneous.

the proposition that Bank can manipulate Rule 19 "joinder" to circumvent the subject matter limitations of this Court. Rather, it is just the opposite. *See, e.g., B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 23 (1st Cir. 2008) (First Circuit observed that party cannot destroy Court's subject matter jurisdiction). As such, Bank's position effectively before this Court is that RIDBR should be "joined" or "handcuffed" to this proceeding in circumvention of the constitutional limitations of this Court's subject matter jurisdiction, and is simply not credible.

Defendant,

**RHODE ISLAND DEPARTMENT OF BUSINESS REGULATION,**

By:

**PETER F. NERONHA
ATTORNEY GENERAL**

*/s/ Richard L. Gemma*
Richard L. Gemma, Bar No. 3953
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2088
Fax: (401) 222-2995
rgemma@riag.ri.gov

April 1, 2024

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document through the ECF filing system on this 1st day of April, 2024 and that it is available for viewing and downloading.

*/s/ Richard L. Gemma*